UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────────────────────

BRADLEY KENNETH SCHWANTES,

        Plaintiff,

 v.                               Case No. 24-CV-1024

WARDEN MICHAEL GIERACH
and SGT. NICHOLAI,

        Defendants.

─────────────────────────────────────────────────────────────

## ORDER

─────────────────────────────────────────────────────────────

     Plaintiff Bradley Kenneth Schwantes, who is currently confined at the Wisconsin Resource Center and representing herself[1], filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated her constitutional rights. (ECF No. 1.) Schwantes also filed a motion for leave to proceed without prepayment of the filing fee (ECF No. 2), a motion to add party (ECF No. 8), and a motion to appoint counsel (ECF No. 9). This order resolves these motions and screens the complaint.

     The court has jurisdiction to resolve Schwantes's motions and screen the complaint in light of Schwantes's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of

---

[1] Schwantes experiences gender dysphoria, so the court will use her preferred pronouns.

magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Schwantes was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On August 12, 2024, Schwantes filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 3.) On August 13, 2024, the court ordered that Schwantes pay $69.11 as an initial partial filing fee by September 12, 2024. (ECF No. 6.) When Schwantes did not pay the initial partial filing fee by this deadline, on September 23, 2024, the court issued a show cause letter giving Schwantes one final opportunity to pay the initial partial filing fee, this time by October 23, 2024. (ECF No. 10.) On October 28, 2024, Schwantes paid the initial partial filing fee. On November 13, 2024, Schwantes paid the remaining filing fee balance in full. (ECF No. 13.) As such, the court denies as moot her motion to proceed without prepayment of the filing fee.

## MOTION TO ADD PARTY (ECF NO. 8)

On September 3, 2024, Schwantes filed a motion to add Sgt. Nicolai as a defendant. (ECF No. 8 at 1.) Because Nicolai was already named as a defendant in Schwantes's complaint, the court denies this motion as moot.

## SCREENING OF THE COMPLAINT

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Schwantes's Allegations*

Schwantes alleges that when she was incarcerated at Red Granite Correctional Institution (RGCI) between November 28, 2023, and November 30, 2023, defendant Sgt. Nicolai did not properly respond to her serious mental health needs. (ECF No. 1, ¶¶ 3, 6.) At some point during this period, Schwantes approached Nicolai at the officer's desk and requested to be placed in observation status. (*Id.*, ¶ 6.) Schwantes states she was experiencing hallucinations and hearing voices. (*Id.*, ¶ 8.) She told Nicolai as much, and Nicolai ordered her back to her cell "to think about it for a while." (*Id.*)

Sometime later on (it is unclear from the complaint when), Schwantes went back to the officers' desk and told Nicolai, "I don't know what the fuck is going on and I'm scared shitless of the voices and what they might do to me and my family!" (ECF

4

No. 1, ¶ 9.) Nicolai again told Schwantes to go back to her cell and think about it because Schwantes did not like it in observation status the previous times she was placed there. (*Id.*) Sometime after that Schwantes was found hanging in her cell. (*Id.*, ¶ 10.) Schwantes survived the suicide attempt, was placed on observation status for 20 days, and then transferred to the Wisconsin Resource Center. (*Id.*, ¶ 15.) Schwantes also alleges that defendant Warden Michael Gierach failed to adequately train Nicolai to recognize and appropriately handle mental illness. (*Id.*, ¶ 12.)

*Analysis*

Schwantes claims that Nicolai violated her Eighth Amendment rights when she was deliberately indifferent to Schwantes's severe mental health needs.

A prison official violates the Eighth Amendment when she is deliberately indifferent "to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "To state a cause of action, a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). A plaintiff must allege "that an official *actually* knew of and disregarded a substantial risk of harm." *Petties v. Carter,* 836 F.3d 722, 728 (7th Cir. 2016) (emphasis in original).

Schwantes alleges that Nicolai was aware that she was experiencing a serious mental health issue and ignored it. She may proceed on an Eighth Amendment deliberate indifference claim against Nicolai.

However, she may not proceed on a failure-to-train claim against Warden Gierach. "[F]ailure to train claims are usually maintained against municipalities, not

5

against individuals, and, in the Eighth Amendment context, such claims may only be maintained against a municipality." *Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005) (citing *Sanville v. McCaughtry*, 266 F.3d 724, 739-40 (7th Cir. 2001)). Additionally, § 1983 "does not authorized supervisor liability." *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). Supervisors can be held liable for constitutional violations caused by their employees only where the violation happens at the supervisor's direction or with the supervisor's knowledge and consent. *Hildebrant v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). In other words, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.* Schwantes does not allege that Warden Gierach knew about her mental health issues and Nicolai's inaction.

Schwantes also claims that Nicolai was negligent under Wisconsin state laws. (ECF No. 1, ¶ 18.) The court will take supplemental jurisdiction over her claim. *See* 28 U.S.C. §1367(c); *Bailey v. City of Chicago*, 779 F.3d 689, 696 (7th Cir. 2015).

Additionally, Schwantes sues Nicolai in her official capacity. A suit against a state official in his or her official capacity is a suit against the official's office. As such, it is no different than a suit against the state itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Where a plaintiff seeks damages rather than injunctive relief, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* However, where a plaintiff seeks injunctive relief, such claims are permissible under § 1983. These claims require that the entity's policy or custom have played a part in the constitutional violation. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

6

While Schwantes seeks injunctive relief, she does not allege that RGCI had a policy or practice that caused the constitutional violation. Therefore, she may not proceed against Nicolai in her official capacity.

## MOTION TO APPOINT COUNSEL (ECF NO. 9)

Schwantes requests the court appoint her counsel. In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of pro bono counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. *Watts v. Kidman*, No. 21-1055, 2022 WL 3038877, at *6 (7th Cir. Aug. 2, 2022). Schwantes states she has contacted attorneys to represent her and did not receive a response. She satisfies the first prong.

7

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Eagan*, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id*. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id*. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id*. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett* 930 F.3d at 871.

Other than stating that she is "mentally unsettled" (ECF No. 9 at 1), Schwantes does not explain why she does not have the ability to litigate this case herself. Schwantes has been able to clearly communicate with the court, as her complaint and other motions demonstrate. As such, the court will deny her motion. Should her circumstances change, she may refile the motion.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Schwantes's motion to add a party (ECF No. 8) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Schwantes's motion for leave to proceed without prepayment of the filing fee (ECF No. 3) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Warden Gierach is **DISMISSED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendant Sgt. Nicolai. It is **ORDERED** that, under the informal service agreement, the defendant shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Office of the Clerk
517 E. Wisconsin Avenue, Room 362
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Schwantes is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Schwantes is reminded that it is her responsibility to promptly notify the court if she is released from custody or transferred to a different institution. Schwantes's failure to keep the court advised of her whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Schwantes may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 12th day of December, 2024.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge